IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

ROGELIO LAZO,

    Plaintiff,                                                                     Case No. 3:19-cv-72

v.

CHESAPEAKE SERVICES, LLC,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, Rogelio Laz ("Plaintiff"), hereby sues the Defendant, Chesapeake Services, LLC ("Defendant"), and alleges:

### *Parties, Jurisdiction and Venue*

1. Plaintiff is an individual and a resident of El Paso, Texas.

2. Defendant is a foreign corporation with its principal place of business in Phoenix, Arizona.

3. This is an action brought pursuant to 15 U.S.C. 1692k. Accordingly, this Court has jurisdiction over this action under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

4. This Court has supplemental jurisdiction over the state law claim in this action under 28 U.S.C. § 1367 because the state law claim is so related to the claim over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

6. All conditions precedent to bringing this action have occurred, been performed, or have been waived.

### *Common Facts*

7. Defendant was engaged as a debt collector to collect a debt from the Plaintiff that was incurred for personal and household purposes.

8. Defendant has called Plaintiff multiple times in an attempt to collect this debt.

9. Defendant caused the Plaintiff's telephone to ring repeatedly and continuously with intent to annoy, abuse, and harass the Plaintiff. Defendant called Plaintiff multiple times in immediate succession, with multiple calls being places one right after the other,

10. During these calls, including Defendant's first telephone call to Defendant which was the first communication from Defendant to Plaintiff, the Defendant did not identify itself, did not disclose that it was as a debt collector, did not disclose that Defendant was attempting to collect a debt, and did not disclose that any information obtained would be used for that purpose.

11. During these calls, the Defendant used a name that is not the true name of the Defendant's business. Specifically, the Defendant used the name "Central Services", which is not the true name of Defendant's business.

12. During these calls, Defendant used obscene and harassing language toward the Plaintiff, including telling Plaintiff the following:

   a. "I'm about to come to your work and speak to your supervisor about your debt. I will be there in a half hour."

    b. "We know where you live.  We will come to your house."

    c. Defendant also called Plaintiff a liar.

13. During these calls, the Defendant also falsely implied that it had filed a legal action and that Defendant possessed legal process documents for an action against the Plaintiff. Defendant made statements such as, "We are going to serve you with process."

14. During these calls, Defendant also failed to disclose the name of the person to whom the debt had been assigned.

15. The Defendant also called Plaintiff's grandmother and disclosed information regarding the debt that the Defendant alleges the Plaintiff owes.

16. Defendant made the above-described phone calls to Plaintiff in the Western District of Texas, and Plaintiff received the calls in the Western District of Texas.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff incorporates and realleges paragraphs 1 through 16 as if stated fully herein.

18. The conduct of Defendant constituted violations of 15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

19. As a direct and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Rogelio Lazo, hereby demands judgment against the Defendant, Chesapeake Services, LLC, for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

## COUNT II – VIOLATION OF THE TEXAS DEBT COLLECTION LAW

20. Plaintiff incorporates and realleges paragraphs 1 through 16 as if stated fully herein.

21. This claim is brought pursuant to Section 392.403 of the Texas Finance Code.

22. The conduct of Defendant constituted violations of Sections 392.301, 392.302, 392.304, of the Texas Finance Code.

23. As a direct and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Rogelio Lazo, hereby demands judgment against the Defendant, Chesapeake Services, LLC, for actual damages, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

### *Demand for Attorney's Fees & Costs*

Pursuant to 15 U.S.C. § 1692k(a)(3) and Section 392.403 of the Texas Finance Code, Plaintiff Rogelio Lazo hereby demands an award of the attorney's fees and costs incurred in this matter.

### *Demand for Jury Trial*

Plaintiff Rogelio Lazo hereby demands a jury trial on all claims asserted in this Complaint and otherwise later asserted in this lawsuit.

DATED: February 24, 2019.               Respectfully submitted,

                                        */s/ Joshua A. Mize*
                                        **Joshua A. Mize, Esq.**
                                        Florida Bar No. 86163
                                        **MIZE LAW, PLLC**
                                        110 Front Street, Suite 300

Jupiter, FL 33477
Phone: (407) 913-6800
Fax: (407) 604-7410
Email: jmize@mize.law

*Attorney for the Plaintiff,
Rogelio Lazo*